UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK         Judge Batts
----------------------------------------------------------X
MANUELA VILMATELO, LUCILA M.            11 cv 2065
WALTERS, AMOURY HEREDIA and
RAFAEL E. MARTINEZ, SR.,

                              Plaintiffs,   **SECOND AMENDED COMPLAINT**

   -against-
                                                    **JURY TRIAL DEMANDED**

NEW YORK CITY, LIEUTENANT LUIS
PINEIRO, DETECTIVE ARNALDO RIVERA,
SHIELD #787, DETECTIVE VINCENT KONG,
DETECTIVE ZACHARY PARISI, DETECTIVE
JAY ROBLES, DETECTIVE RAYMOND
ABREAU, CAPTAIN STEVEN ORTIZ,
LIEUTENANT DENNIS CULLEN, DETECTIVE
SALVADOR TORO, DETECTIVE JOHN McDERMOTT,
and DETECTIVE JOHN TALAVERA,

                                Defendant(s).
----------------------------------------------------------X

The plaintiffs, complaining of the defendants, by their attorney, FRED LICHTMACHER, ESQ., respectfully show to this Court and allege:

## JURISDICTION

1     Jurisdiction is founded upon the existence of a Federal Question.

2     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3 & 4).

4     Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1 & 2).

## PARTIES

5     The plaintiff, MANUELA VILMATELO (hereinafter "VILMATELO"), at all times relevant was a resident of Kings County in the City and State of New York.

6      The plaintiffs, LUCILA M. WALTERS (hereinafter "WALTERS") and RAFAEL E. MARTINEZ, SR. (hereinafter "MARTINEZ"), are residents of New York County in the City and State of New York.

7      The plaintiff, AMOURY HEREDIA (hereinafter "HEREDIA"), is a resident of Bergen County in the City of Englewood and State of New Jersey.

8      Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants LIEUTENANT LUIS PINEIRO, DETECTIVE ARNALDO RIVERA, SHIELD #787, DETECTIVE VINCENT KONG, DETECTIVE ZACHARY PARISI, DETECTIVE JAY ROBLES, DETECTIVE RAYMOND ABREAU CAPTAIN STEVEN ORTIZ,
LIEUTENANT DENNIS CULLEN, DETECTIVE SALVADOR TORO, DETECTIVE JOHN McDERMOTT, and DETECTIVE JOHN TALAVERA, (hereinafter, collectively "The Individual Defendants") were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

9      Upon information and belief, that at all times hereinafter mentioned, The Individual Defendants were employed by the defendant, NYC, as members of its police department.

10     Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

11     The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

12     This action arises under the United States Constitution, particularly under provisions of the

Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983.

13      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors under the color of law.

## STATEMENT OF FACTS

14      On August 7, 2009 at approximately 6:45 AM, plaintiffs were legally on the premises of 2360 First Avenue in the County, City and State of New York which is owned and operated by the New York City Housing Authority.

15      Specifically, the plaintiffs were lawfully within Apartment 9D of 2360 First Avenue (hereinafter "The Apartment"), which is the residence of plaintiffs WALTERS and MARTINEZ, when The Individual Defendants forcefully entered The Apartment by knocking the door down.

16      Plaintiff MARTINEZ's two young children, who were approximately two (2) and five (5) years old, were also present in The Apartment when defendants forcefully entered.

17      Upon entering the apartment, The Individual Defendants had their service weapons drawn.

18      Plaintiff MARTINEZ was hit in the face with the barrel of one of The Individual Defendants' guns, when said Individual Defendant gained access to the apartment, causing a laceration to his forehead.

19      Plaintiff HEREDIA was in the process of getting to the floor after The Individual Defendants rushed The Apartment and was thrown to the ground by one of the Individual Defendants.

20      The Individual Defendants then restrained plaintiffs by placing them all in handcuffs.

21      After restraining the plaintiffs, The Individual Defendants sacked The Apartment by emptying all closets, breaking closet doors, breaking the entrance door to The Apartment and breaking plaintiff MARTINEZ's bed.

22      The Individual Defendants also destroyed plaintiff HEREDIA's phone and broke his MP3 player when they were searching the apartment without reason.

23      Without further explanation, plaintiffs VILMATELO, MARTINEZ and HEREDIA were taken by defendants to the 25th Precinct.

24      At the 25th Precinct, plaintiffs VILMATELO, MARTINEZ and HEREDIA were placed into holding cells and were left there as they were processed and waited to be arraigned.

25      Plaintiffs MARTINEZ and HEREDIA were charged with possession of marijuana and plaintiff VILMATELO was charged with an unknown crime that was dismissed before her arraignment and the charges against HEREDIA were dismissed shortly thereafter.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### MANUELA VILMATELO AND AMOURY HEREDIA
### VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
### FALSE ARREST

26      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

27      The plaintiffs VILMATELO and HEREDIA's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that said plaintiffs were subjected to a false arrest by the defendants.

28      The defendants confined the plaintiffs, in that plaintiffs were not free to leave, defendants intended to confine plaintiffs, plaintiffs were conscious of confinement, plaintiffs did not consent to confinement and confinement was not otherwise privileged.

29      As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's right to be free from arrest without probable cause.

30      The said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes and without any other legal justification.

31      By reason of the unlawful false arrest, the plaintiffs were subjected to great indignities, humiliation, anxiety, embarrassment, defamation in their community, they were prevented from conducting their normal affairs of business, their personal life was interfered with and they were subjected to numerous other harms.

32      By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at trial, they are entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
AMOURY HEREDIA AND RAFAEL E. MARTINEZ, SR.
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

33      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

34      The plaintiffs rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were unlawfully subjected to the use of excessive and unreasonable force by the defendants.

35      The said assault and battery of plaintiffs were effected by defendants without authority of law and without any reasonable necessity to use any force and that the force employed was used without legal justification, without plaintiffs' consent, with malice and with an intent to inflict pain and suffering.

36      As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' right to be free from the use of excessive and unreasonable force.

37      By reason of the unlawful use of excessive and unreasonable force, the plaintiffs were harmed physically, plaintiffs were subjected to physical pain, humiliation, embarrassment, anxiety,

were defamed in the community and were subjected to various ongoing physical and emotional harms and that was otherwise harmed.

38     By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at trial, they are entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
ILLEGAL AND UNREASONABLY CONDUCTED SEARCH & SEIZURE**

39     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

40     The plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs' residence was entered and searched without probable cause and in that the search was conducted unreasonably resulting in unnecessarily damaged and destroyed property.

41     The said illegal and unreasonably conducted search of The Apartment was effected by defendants without authority of law and without any necessity and that the search was used without legal justification, without plaintiffs' consent, with malice and with an intent to inflict pain and suffering.

42      As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' right to be free from unreasonable searches.

43     By reason of the illegal search, the plaintiffs were harmed in that plaintiffs were subjected to humiliation, embarrassment, anxiety, they were prevented from conducting their necessary affairs of business and they were subjected to various other harms including having their property damaged and destroyed.

44     By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at

trial, they are entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

<b><u>AS AND FOR A FOURTH CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFFS<br>VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS<br>BY THE CITY OF NEW YORK i.e.,<br>MONELL CLAIM</u></b>

45  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

46  The plaintiffs' rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

47  Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by matters overtly similar to the instant matter, in spite of repeated complaints of similar behavior, and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

48  The defendant NYC intentionally operates an ineffective Civilian Complaint Review Board, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

49  The defendant NYC intentionally operates an ineffective Internal Affairs Department of the City's police department, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

50  As a result of NYC's deliberate indifference to the ineffectiveness of the CCRB and IAB, the defendants in the instant case felt free to, and did in fact, violate the plaintiffs' rights.

51  It is the routine practice of NYPD officers to enter the homes of minorities with less than probable cause.

52      It is the routine practice of NYPD officers to physically abuse and use excessive force against young minority males.

53      It is the routine practice of NYPD officers to arrest minorities with less than probable cause to believe that plaintiffs had committed or were about to commit a crime.

54      It is the routine practice of NYPD officers to unreasonably conduct searches, and in so doing they routinely damage and destroy property without legal necessity to do so.

55      Despite being often alerted to the aforementioned recurring problems the NYPD has remained deliberately indifferent to said problems and in so doing encouraged its officers to persist in these forms of illegal, unconstitutional behavior.

56      By reason of the aforementioned violations of plaintiffs' constitutional rights, the plaintiffs were subjected to great indignities, humiliation, embarrassment, anxiety, they were prevented from conducting their normal affairs of business and they were subjected to numerous other harms and that they were pecuniarily harmed.

57      By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at trial and they are entitled to an award of reasonable attorneys' fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiffs demand judgment against the defendants in compensatory and punitive damages on plaintiffs' First, Second and Third causes of action and in compensatory damages on plaintiffs' Fourth cause of action along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all four of plaintiffs' causes of action together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: July 31, 2012
      New York, New York

/ s /
FRED LICHTMACHER (FL-5341)
The Law Office of Fred Lichtmacher P.C.
Attorneys for Plaintiffs
The Empire State Building
350 5th Avenue Suite 7116

                                              New York, New York 10118
                                              (212) 922-9066

To:    Anthony Matthew Disenso
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007
        (212) 442-6618